```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION


A. SAMUEL GEORGE,                  :
                                   :   NO. 1:03-CV-00311
        Plaintiff,                 :
                                   :   OPINION
                                   :
    v.                             :
                                   :
                                   :
CITY OF CINCINNATI, et al.,        :
                                   :
        Defendants.                :
```

This matter is before the Court on the Motion in Limine to Exclude Proposed Witnesses and Evidence of Retaliation Verdict filed by the Defendant City of Cincinnati (hereinafter "the City" (doc. 39), the Plaintiff's Memorandum in Opposition (doc. 40), and the Defendant City of Cincinnati's Reply (doc. 42).

The City moves this Court to exclude the testimony of Ali Bahar, Roa Donepudi, Tony Huang, and Sohail Saeed, all co-workers of the Plaintiff (doc. 39). Plaintiff's primary complaint is that he was discriminated against because of his national origin (doc. 40.). These four proposed witnesses are also foreign-born, who, according to Plaintiff, also experienced discrimination based upon their national origin (Id.). The City objects asserting that these witnesses have no first-hand knowledge of the occurrences involving Plaintiff (doc. 39). Primarily, the City argues that Rule 403 of the Federal Rules of Evidence prevents the testimony of these witnesses from being introduced (Id.).

Rule 403 allows relevant evidence to excluded "if

its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. It should be noted that Plaintiff has alleged the City perpetuated a pattern or practice of discrimination against employees based on their national origin (doc. 1). The testimony of these witnesses as to their experiences of discrimination is most assuredly relevant to this issue. As such, their testimony as it relates to a pattern or practice of discrimination by the City based on national origin shall be permitted. Their testimony shall also be permitted to establish the discriminatory intent of the Defendants in this matter.

The City also objects to any testimony regarding a verdict returned in favor of Ali Bahar in a different case (doc. 39). The Court agrees that any testimony regarding Ali Bahar's favorable verdict in another case should be excluded both as hearsay and pursuant to Rule 403. Ali Bahar and the others can testify as to the discrimination they allegedly suffered, but they may not testify as to any verdict returned in favor of Ali Bahar.

SO ORDERED.

Dated: October 14, 2005         s/S. Arthur Spiegel
                                S. Arthur Spiegel
                                United States Senior District Judge